COMMONWEALTH of Pennsylvania, Appellee,

v.

**Joseph W. VESEL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 27, 2000.
Filed April 27, 2000.

Mitchell A. Kaufman, Public Defender, Pittsburgh, for appellant.

Francesco L. Nepa, Michael W. Streily, Asst. Dist. Attys., Pittsburgh, for Com., appellee.

Before ORIE MELVIN, J., and CERCONE and CIRILLO, President Judges Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 This is a direct appeal from a judgment of sentence imposed after Joseph W. Vesel's conviction for two (2) counts of driving under the influence,[1] and disorderly conduct.[2] After careful review of the record, we affirm.

¶ 2 The Trial Court has aptly recited the facts of this matter as follows:

The evidence revealed the following. Just before closing on December 22, 1990, [Appellant] was in Rafferty's Pub on Evergreen Avenue in Millvale, Allegheny County. [N.T. Trial, 9/16/99, at 46–47]. The bartender, Robert Tovsimac, refused to serve [Appellant] any alcohol because he was under the influence. [Id., at 48–49]. [Appellant] was asked to leave the bar and was escorted outside by the bartender and Glen McPherson. [Id., at 50]. Approximately five to ten minutes later, the [Appellant] began banging on the door with some object, and was yelling and screaming. [Id., at 50, 53]. The bartender called the police. [Id., at 51]. At 2:18 a.m., Officer Dean Girty of the Millvale Police Department received a call from dispatch about the disturbance. [Id., at 61–62]. When Officer Girty arrived on the scene, he observed [Appellant] backing out of the parking lot onto Evergreen Avenue. [Id., at 62–63].

---

1.  75 Pa.C.S.A. § 3731(a)(1) and § 3731(a)(4), respectively.

2.  18 Pa.C.S.A. § 5503.

The officer activated his lights and [Appellant] stopped the van on the sidewalk. [*Id.*, at 63]. The officer approached the van from the driver's side and observed that [Appellant] was bleeding profusely from the forehead. [*Id.*, at 64]. When asked what had happened, [Appellant] said that he was jumped. [*Id.*, at 64–65]. [Appellant's] speech was slurred and the odor of an alcoholic beverage was on his breath. [*Id.*, at 64–65]. When the officer assisted [Appellant] out of the vehicle, [Appellant] was staggering and unsteady on his feet. [*Id.*, at 65].

[Appellant] was asked if he could perform some field sobriety tests and responded that he could. [*Id.*, at 65–66]. The officer administered three tests, the finger-to-nose test, stiff leg test, and the heel-to-toe nine step walking test. [*Id.*, at 66]. On the finger-to-nose test, [Appellant] hit the bridge of his nose with his right index finger and his upper lip with his left index finger. [*Id.*, at 67]. On the stiff leg test, [Appellant] put his leg down after one second. [*Id.*, at 68]. On the walking test, [Appellant] wobbled from side-to-side and did not walk straight. [*Id.*]. The officer was of the opinion that [Appellant] was under the influence of alcohol to a degree rendering him incapable of safely operating a motor vehicle. [*Id.*, at 69–70]. At 2:55 a.m. blood was drawn from [Appellant] at St. Margaret's Hospital and transported to the Allegheny County Department of Laboratories where it was found to have a blood alcohol level of .19. [*Id.*, at 44–45].

Trial Court Opinion, 12/1/99, at 2–3.

¶ 3 The procedural history in the case *sub judice* is as follows. Appellant was arrested on December 22, 1990. On April 11, 1991, the charges were held for court, and Appellant went to a formal arraignment on June 13, 1991. Appellant received a subpoena for an ARD hearing on August 6, 1991, but did not attend. The next day a warrant was issued for his arrest, based on Appellant's failure to appear at the ARD hearing.

¶ 4 Appellant was not apprehended following the issuance of the warrant. The outstanding warrant was not discovered until Appellant was arrested on unrelated charges in February 1999. On March 1, 1999, the outstanding arrest warrant was cleared, and a new court date was set.

¶ 5 On July 28, 1999, the Appellant filed a Pretrial Motion to Quash Information. A hearing was held on September 16, 1999, and after argument, the motion was denied. The same day, Appellant pled not guilty, and chose to proceed to a bench trial before the Honorable W. Terrance O'Brien. The Court found Appellant guilty on all charges. For count one, driving under the influence, 75 Pa.C.S.A. § 3731(a)(1), Judge O'Brien sentenced Appellant to a period of incarceration of not less than forty-eight (48) hours nor more than two (2) years less one (1) day, fine and costs. No further penalty was imposed for count two of driving under the influence, and a fine of one hundred dollars ($100) was imposed for the summary offense of disorderly conduct. Appellant then filed this timely appeal.

¶ 6 Appellant raises two (2) issues on appeal:

1.  Did the [Trial Court] err in denying a Motion to Dismiss due to the long delay in bringing [Appellant] to trial?

2.  Was the evidence insufficient to prove the summary offense of disorderly conduct?

Appellant's Brief at 5.

¶ 7 Appellant contends that the Commonwealth violated Pa.R.Crim.P. 1100 by failing to bring Appellant to trial within 365 days after the Criminal Complaint was filed. Appellant further contends that waiting so long to prosecute him was in violation of his constitutional right to a speedy trial.

¶ 8 In evaluating Rule 1100 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. *Commonwealth v. Hill*, 558 Pa. 238, 244, 736 A.2d 578, 581 (1999). The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 1100 evidentiary hearing and the findings of the lower court. *Id., citing Commonwealth v. Matis*, 551 Pa. 220, 227, 710 A.2d 12,15 (1998). In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party. *Commonwealth v. Edwards*, 528 Pa. 103, 105, 595 A.2d 52, 53 (1991).

¶ 9 The rule states in part:

**RULE 1100   PROMPT TRIAL**

(a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

However, subsection (c)(3) of Rule 1100 makes clear that the actions of the appellant can cause certain time periods to be excluded from the calculation of the 365 day time limit.

¶ 10 "When an [Appellant] who is on bail and who has notice of a scheduled court proceeding in his case fails to appear in court at the appointed time, he has violated the conditions of bail, and the Commonwealth is entitled to count any period of delay as excusable time ...; a showing of due diligence is not required." *Commonwealth v. Byrd*, 325 Pa.Super. 325, 472 A.2d 1141, 1143–1144 (1984). An Appellant who has not appeared in court at his appointed time will be considered unavailable for Rule 1100 purposes from the time of the proceeding at which he or she failed to appear until he or she voluntarily surrenders or is subsequently apprehended. *Commonwealth v. Brown*, 351 Pa.Super. 119, 505 A.2d 295, 297 (1986), *citing Commonwealth v. Cohen*, 481 Pa.

349, 356, 392 A.2d 1327, 1331 (1978). In such a case, the Commonwealth is entitled to an exclusion without the requirement of showing of its efforts to apprehend the Appellant during the period of his absence. *Cohen*, 481 Pa. at 356, 392 A.2d at 1331.

¶ 11 In the case before us, Appellant was charged on January 24, 1991. He was formally arraigned on June 13, 1991, and at that time received a subpoena to appear at an ARD hearing on August 5, 1991. N.T. Rule 1100 Hearing, 9/16/99, at 13–15. Appellant testified that someone from the "clerk of courts" called him on August 4, 1991, and told him that because Judge Robert Dauer was going to be out of town, the hearing was going to be postponed. *Id.*, at 17–18. Appellant further testified that the clerk of courts said he would receive another subpoena, but that he never heard anything else. *Id.* However Appellant's credibility is in question because of the fact that the very next day the same Judge Robert Dauer who was supposed to preside over his hearing, issued a warrant for his arrest. The arrest warrant was issued because of Appellant's failure to appear at the scheduled August 5, 1991 hearing. Certified Record Entry No. 4.

¶ 12 Appellant argues that the time period between when Appellant failed to show up for the hearing and when he was again arrested in February 1999 should not be excluded under Pa.R.Crim.P. 1100, because the Commonwealth knew Appellant's address, but did not exercise due diligence in bringing Appellant to trial. However, under Pennsylvania law, as previously stated, the Commonwealth owes no duty of due diligence when an appellant fails to appear at a scheduled court proceeding. *Byrd*, 472 A.2d at 1143–1144. As such, the Commonwealth did not violate Pa. R.Crim.P. 1100 in this instance; therefore, Appellant's argument fails.

¶ 13 Appellant also raises this issue in terms of a violation of his constitutional right to a speedy trial. In determin-

ing whether an appellant's speedy trial right has been violated, it must be determined whether the delay itself is sufficient to trigger further inquiry. *Commonwealth v. Anders*, 699 A.2d 1258 (Pa.Super.1997), *(en banc )*, *citing Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). If the delay is sufficient to trigger further inquiry, the reviewing court should consider (1) the length of the delay, (2) the reason for the improper delay, (3) the appellant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. *Anders*, 699 A.2d at 1264, *citing Commonwealth v. Glover*, 500 Pa. 524, 528, 458 A.2d 935, 937 (1983).

¶ 14 The Commonwealth concedes that the delay in the matter presently before us is sufficient to warrant further inquiry. Thus, this Court must inquire into the other factors. The first factor is the length of the delay. As previously mentioned, the delay between the time of Appellant's arrest and when he was brought to trial was more than eight years. This is a substantial delay, which would lean in Appellant's favor.

¶ 15 The second factor is whether the Commonwealth or the Appellant is more to blame for the delay. The Appellant conceded that he did not attempt to contact anyone following his failure to appear at the August 5, 1991 hearing. N.T. Rule 1100 Hearing, 59/16/99, at 20. We remind Appellant that the Commonwealth had no duty of due diligence to find him under these circumstances. *Commonwealth v. Byrd*, 472 A.2d at 1143–1144 (1984). The Trial Court found that Appellant was more to blame for the delay. N.T. Rule 1100 Hearing, 9/16/99, at 38. We agree.

¶ 16 The third factor to consider is whether in due course the Appellant asserted his right to a speedy trial. The failure to assert this right will make it difficult for an appellant to prove that he was denied a speedy trial. *Commonwealth v. McCord*, 435 Pa.Super. 1, 644 A.2d 1206, 1211 (1994). It is obvious that Appellant did not assert this right in a timely fashion, since the first time he raised the issue of his right to a speedy trial was in his Motion to Quash Information in July 1999, more than eight years after the initial arrest. Hence, this factor is in the Commonwealth's favor.

¶ 17 The final factor this Court must consider is if the delay resulted in any prejudice to the interests protected by the Sixth Amendment right to a speedy trial. "The interests protected by the Sixth Amendment are as follows: to prevent oppressive pre-trial incarceration; to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired." *Commonwealth v. Dehoniesto*, 425 Pa.Super. 83, 624 A.2d 156 (1993), *citing Glover*, 500 Pa. at 529, 458 A.2d at 938. Appellant was not incarcerated, nor did Appellant appear to have too much anxiety over the matter, since he never contacted anyone to try and have the matter resolved. Finally, it does not appear as though the defense was impaired by the substantial delay since all witnesses to the crime, and the arresting officer were all able to remember the incident and were available to testify at trial. Hence, any prejudice suffered by the Appellant was minimal. Therefore, we agree with the Trial Court that any prejudice suffered by Appellant was not sufficient to quash the information, and as such, Appellant's argument lacks merit. Trial Court Opinion, 12/1/99, at 6–7.

¶ 18 Appellant's final issue is that the evidence presented by the Commonwealth was insufficient to sustain his conviction for the summary offense of disorderly conduct, in violation of 18 Pa. C.S.A. § 5503. As our Supreme Court has explained:

In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences

deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offenses beyond a reasonable doubt.

*Commonwealth v. Johnson*, 556 Pa. 216, 223, 727 A.2d 1089, 1092 (1999). *Accord Commonwealth v. Hagan*, 539 Pa. 609, 613, 654 A.2d 541, 543 (1995).

¶ 19 The Superior Court may not weigh the evidence and substitute our judgment for that of the finder of fact. *Commonwealth v. Vetrini*, 734 A.2d 404, 407 (Pa.Super.1999). The trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented. *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992); *Vetrini, supra.*

¶ 20 The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Seibert*, 424 Pa.Super. 242, 622 A.2d 361, 363 (1993), *appeal denied*, 537 Pa. 631, 642 A.2d 485 (1994) (citing *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) and *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)).

¶ 21 Pennsylvania law provides that a person commits the crime of disorderly conduct if the person,

    (1) engages in fighting or threatening, or violent tumultuous behavior;

    (2) makes unreasonable noise;

    (3) uses obscene language, or makes an obscene gesture; or

    (4) creates a hazardous or physically offensive condition by any act, which

serves no legitimate purpose of the actor.

18 Pa.C.S.A. § 5503(a).

¶ 22 The evidence presented at trial indicates that on December 22, 1990, around 2 a.m., Robert Tovsimac, a bartender at Rafferty's Pub, phoned the police after Appellant began banging on the door and yelling and screaming, a few minutes after being forcibly removed from the establishment. N.T. Trial, 9/16/99, at 50–51. The Appellant testified at trial that at first he banged on the door with his hand, and then proceeded to bang on the door with a tire iron. *Id.*, at 81–82. During testimony, Appellant conceded that the banging was loud. *Id.* Appellant further testified that he was banging on the door so he could get some money he left on the bar. *Id.*, at 82.

¶ 23 Although Appellant may have had a purpose for the banging, it does not negate the fact that Trial Court concluded that "banging on the door of a bar at 2 o'clock in the morning with a tire iron [while] drunk constitutes disorderly conduct." *Id.*, at 96. Upon complete review of the testimony presented at trial, and being that Appellant admitted to banging loudly on the door of Rafferty's Pub at 2 a.m. with his fists and a tire iron, we conclude that the record sufficiently supports Appellant's conviction for the summary offense of disorderly conduct. Thus, Appellant's allegation of insufficient evidence to support his conviction lacks merit.

¶ 24 Judgment of sentence affirmed.