J-S30011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDDIE BOWMAN | |
| Appellant | No. 1468 EDA 2014 |

Appeal from the Judgment of Sentence April 10, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-000005-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED AUGUST 17, 2015**

Appellant, Freddie Bowman, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his jury trial conviction for habitual offenders (related to driving while license is suspended) and bench trial conviction for driving while operating privilege is suspended or revoked.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Shortly after 5:00 a.m. on June 4, 2011, a Stroehmann bread deliveryman called police after observing a white sedan, with a gold-colored quarter panel on the front driver side, strike a utility pole in the 600 block of Silk Street in Allentown, Pennsylvania.   The deliveryman reported that the vehicle

---

[1] 75 Pa.C.S.A. §§ 6503.1; 1543(b)(1), respectively.

immediately fled the scene of the accident. Officer Craig Berger responded to the dispatch and saw a vehicle matching the description of the sedan parked on the side of the road a few blocks away. The officer noticed the vehicle had front-end damage and was leaking fluid. Officer Berger conducted a vehicle stop and informed the driver that he was investigating a report of an accident. The driver did not have identification but verbally identified himself as Appellant.[2] Appellant also informed the officer he resided at 614 West Gordon Street in Allentown. The officer observed Appellant had bloodshot eyes and an odor of alcohol on his breath, and he questioned Appellant about his activities that evening. Appellant told the officer his vehicle had sustained damage when another car backed into it. Officer Berger concluded Appellant was under the influence of alcohol and could not operate a vehicle safety, so Officer Berger arrested Appellant for driving under the influence of alcohol ("DUI").[3] Notably, Officer Berger recorded Appellant's address as 614 West Gordon Street in Allentown—the address Appellant supplied. Officer Berger transported Appellant to central

---

[2] Appellant's fiancée, Shanda Walker, was a passenger in Appellant's vehicle at the time of the stop.

[3] Officer Berger administered two field sobriety tests to Appellant. Appellant swayed during the tests but did not stagger. Officer Berger recorded in his notes that Appellant passed the tests. During later proceedings, however, Officer Berger stated Appellant actually failed the field sobriety tests; Officer Berger had not yet been certified to be on alert for certain signs of intoxication at the time of Appellant's arrest.

booking for processing, and then Appellant was released.

The Commonwealth submitted a criminal complaint on June 20, 2011, charging Appellant with two counts of DUI, and one count each of habitual offenders and driving while operating privilege is suspended or revoked; a district magistrate signed the complaint on July 1, 2011.[4] On July 6, 2011, the court sent Appellant a copy of the criminal complaint and notice of a preliminary hearing scheduled for August 23, 2011, by certified and first-class mail. The court sent the criminal complaint and notice of the scheduled preliminary hearing to 614 West Gordon Street in Allentown (the address Appellant verbally gave Officer Berger at the time of Appellant's arrest). The postal service ultimately returned the first-class mail as undeliverable and unable to forward. Nevertheless, the post office forwarded the certified mail to Ms. Walker (Appellant's fiancée) at 510 West Wyoming Street in Allentown;[5] notwithstanding the attempted service at Ms. Walker's residence, the certified mail was ultimately returned to the court. A notation in the docket entries recorded on August 15, 2011, states: "Certified Summons Unclaimed."

On August 23, 2011, the Commonwealth appeared for Appellant's

---

[4] The parties agree July 1, 2011 is the date the Commonwealth filed the criminal complaint for purposes of calculating Pa.R.Crim.P. 600.

[5] The record does not indicate who set up the forwarding address on file at the post office.

scheduled preliminary hearing. Appellant failed to attend, so the court issued a bench warrant for Appellant's arrest. Appellant turned himself in on the outstanding warrant on April 16, 2012. The court arraigned Appellant that day. At that time, Appellant gave his address as 510 West Wyoming Street in Allentown (the address where the postal service had forwarded the certified mail and attempted service). Following the arraignment, the court scheduled a preliminary hearing for May 3, 2012. Appellant requested a continuance, indicating his counsel was unavailable. The court rescheduled the hearing for July 3, 2012, but Appellant requested another continuance. Appellant sought another continuance on July 17, 2012, to retain private counsel.[6] The court rescheduled Appellant's preliminary hearing for December 26, 2012, and the court held a preliminary hearing on that date, after which the court bound over the charges for trial.

Appellant requested additional continuances in his case on April 22, 2013, June 24, 2013, and July 18, 2013, because Appellant did not have counsel; Appellant informed the court on each of these dates that he planned to retain private counsel. On July 18, 2013, the court appointed counsel for Appellant, based on his repeated requests for continuances and failure to secure private counsel despite his representations to the court.

On September 20, 2013, Appellant filed an omnibus pre-trial motion

---

[6] Appellant posted bail on or around July 13, 2012.

for dismissal of the charges under Pa.R.Crim.P. 519(B)(2) (stating Commonwealth must file criminal complaint within five days of defendant's release following warrantless arrest) and Pa.R.Crim.P. 600 (stating generally that Commonwealth must bring defendant to trial within 365 days of filing of criminal complaint).[7]   The court held a hearing on Appellant's pre-trial motion on November 7, 2013.  At the beginning of the hearing, Appellant also presented a supplemental pre-trial motion challenging, *inter alia*, the validity of the traffic stop and Appellant's arrest.  Relevant to his Rule 600 claim, Appellant argued at the hearing, *inter alia*, the time from August 23, 2011 (the date initially scheduled for his preliminary hearing) to April 16, 2012 (the date Appellant turned himself in on the bench warrant) is attributable to the Commonwealth, because the Commonwealth failed to exercise due diligence in serving Appellant with the complaint.  Appellant asserted his address was 614 West Gordon Street at the time of his arrest on June 4, 2011, but Appellant maintained that he had moved on June 15, 2011, to 510 West Wyoming Street.  Relevant to his Rule 519 claim, Appellant insisted the Commonwealth's failure to serve Appellant with the complaint within five days (which in turn resulted in a bench warrant for Appellant's arrest) caused Appellant to suffer prejudice in the form of emotional distress regarding his children's welfare, sleep deprivation, and

_____

[7] The court continued the case again based on Appellant's pre-trial motion.

extreme weight loss.[8]

On December 5, 2013, the court denied Appellant's omnibus pre-trial motions to dismiss pursuant to Rules 519 and 600, as well as Appellant's supplemental pre-trial motion.[9]  In denying Appellant's Rule 600 motion, the court specifically found as excludable time the contested 237 days between the date initially scheduled for Appellant's preliminary hearing on August 23, 2011, and the date Appellant turned himself in on the bench warrant on April 16, 2012.[10]  Taking into account all excludable time, the court found no violation of Rule 600, as only 182 days had elapsed from the filing of the criminal complaint on July 1, 2011.  The court also found Appellant failed to demonstrate Rule 519 prejudice.

Appellant proceeded to a bifurcated trial on March 10, 2014.  On March 11, 2014, a jury convicted Appellant of the habitual offenders charge; the jury found Appellant not guilty of the DUI charges.  The court found Appellant guilty of the summary offense of driving while operating privilege is suspended or revoked.  On April 10, 2014, the court sentenced Appellant

---

[8] Appellant presented no evidence to corroborate these claims of prejudice.

[9] Appellant does not contest on appeal the court's denial of his supplemental pre-trial motion.

[10] The court found additional excludable time based on Appellant's repeated requests for continuances throughout his case and Appellant's filing of pre-trial motions.  Appellant contests on appeal **only** the 237 days between August 23, 2011 and April 16, 2012.

to six (6) to twenty-one (21) months' imprisonment for the habitual offenders conviction; the court imposed a consecutive 60 days' imprisonment for Appellant's summary conviction. Appellant timely filed a post-sentence motion on Monday, April 21, 2014, which the court denied on April 25, 2014. Appellant timely filed a notice of appeal on May 9, 2014. On May 15, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on June 2, 2014.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO DISMISS THE CHARGES BASED UPON THE COMMONWEALTH'S VIOLATION OF PA.R.CRIM.P. 600 WHEN THE COURT ERRONEOUSLY EXCLUDED OVER 237 DAYS OF DELAY FROM THE CALCULATION OF THE RULE 600 RUN DATE BY RULING THAT [APPELLANT] WAS UNAVAILABLE AS HAVING WHEREABOUTS UNKNOWN BUT THERE WAS NO SHOWING THAT THE COMMONWEALTH EXERCISED DUE DILIGENCE IN ATTEMPTING TO LOCATE [APPELLANT]?
>
> WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] REQUEST TO DISMISS THE CHARGES BASED UPON THE COMMONWEALTH'S VIOLATION OF PA.R.CRIM.P. 519 AS THE COMMONWEALTH FAILED TO COMPLY WITH THE 5 DAY RULE FOR THE FILING OF THE COMPLAINT AGAINST [APPELLANT]?

(Appellant's Brief at 7).

In his first issue, Appellant argues the Commonwealth failed to exercise due diligence in serving Appellant with the criminal complaint. Appellant asserts he gave Officer Berger his correct address of 614 West

Gordon Street at the time of his arrest on June 4, 2011. Appellant maintains that he moved on or around June 15, 2011, to 510 West Wyoming Street. Appellant claims that when the Commonwealth attempted to serve the criminal complaint on Appellant, he was under the supervision of the Lehigh County Probation Department in another case. Appellant contends the probation department knew Appellant resided at 510 West Wyoming Street. Appellant suggests the Commonwealth could have discovered his new address through the probation department. Appellant avows that Lehigh Valley Pretrial Services also had his new address on file due to a pending parole violation for which he had been placed on bail supervision while awaiting the revocation hearing. Appellant complains the Commonwealth presented no evidence that it attempted to locate Appellant following his arrest or to obtain his new address so the Commonwealth could serve the criminal complaint. Appellant contends the 237-day period between August 23, 2011 and April 16, 2012, is attributable to the Commonwealth. Appellant emphasizes that counting this 237-day period against the Commonwealth places his adjusted run date beyond the 365-day mark. Appellant concludes the Commonwealth violated his right to a speedy trial under Rule 600, and this Court must reverse his convictions and dismiss the charges against him. We disagree.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth***

*v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005).  Further, we note:

> The proper scope of review…is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court.  An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600.  Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society.  In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.  However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> \* \* \*
>
> **So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime**. …

*Id.* at 1238-39 (internal citations and quotation marks omitted) (emphasis added).

Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

**Rule 600.  Prompt Trial**

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

   (a)   Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration.  Any other periods of delay shall be included in the computation.

(3)(a)   When a judge or issuing authority grants or denies a continuance:

   (i)    the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

   (ii)   the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

\*     \*     \*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

\*     \*     \*

Pa.R.Crim.P. 600.[11]

The court must employ a balancing process which, using a common sense approach, examines the activities of the Commonwealth and balances these actions against the interest of the accused in receiving a fair trial.

---

[11] On October 1, 2012, a new Rule 600 was adopted, effective July 1, 2013. Appellant filed his pre-trial motion and the court heard Appellant's Rule 600 motion after the new Rule went into effect. The current version of the Rule remains substantively similar to the former version of the Rule. The *Comment* to Rule 600(C) explains that for purposes of paragraph (C)(1), "the following periods of time, that were previously enumerated in the text of former Rule 600(C), are examples of periods of delay caused by the defendant" and excluded from the computation: "(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence; (2) any period of time for which the defendant expressly waives Rule 600; (3) such period of delay at any stage of the proceedings as results from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or the defendant's attorney." Pa.R.Crim.P. 600, *Comment*.

*Commonwealth v. Ingram*, 591 A.2d 734, 737 (Pa.Super. 1991), *appeal denied*, 530 Pa. 631, 606 A.2d 901 (1992). "The actions must be judged by what was done, not by what was not done. In addition, the efforts need only be reasonable; lack of due diligence should not be found simply because other options were available or, in hindsight, would have been more productive." *Id.* Importantly, "[w]hen the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from computation of time." Pa.R.Crim.P. 600, *Comment*.

"Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, the Commonwealth's due diligence in attempting to locate him need not be assessed." *Commonwealth v. Baird*, 601 Pa. 625, 633, 975 A.2d 1113, 1118 (2009). *See also Commonwealth v. Vesel*, 751 A.2d 676 (Pa.Super. 2000), *appeal denied*, 563 Pa. 686, 760 A.2d 854 (2000) (stating Commonwealth owes no duty of due diligence when defendant fails to appear at scheduled court proceeding). "[A defendant] who has not appeared in court at his appointed time will be considered unavailable for [Rule 600] purposes from the time of the proceeding at which he…failed to appear until he…voluntarily surrenders or is subsequently apprehended." *Id.* at 680. "In such a case, the Commonwealth is entitled to an exclusion without the requirement of showing of its efforts to apprehend the [defendant] during the period of his absence." *Id.* "Any finding to the contrary would permit a defendant who

intentionally absented himself from a scheduled court hearing to have the charges against him dismissed if the Commonwealth's efforts to locate him did not measure up to a court's standard of due diligence. Such a result obviously would be absurd." ***Commonwealth v. Williams***, 445 A.2d 537, 539 (Pa.Super. 1982) (internal citations and quotation marks omitted). ***See also Baird, supra*** (holding, absent exceptional circumstances, notice to defense counsel of court proceeding constitutes reasonable notice to defendant for purposes of determining defendant's unavailability under Rule 600; defense counsel signed notice of arraignment form, but neither district magistrate nor counsel furnished defendant with actual notice of arraignment, and defendant failed to appear for scheduled arraignment; defendant sought to exclude from Rule 600 calculation time between scheduled arraignment date and defendant's subsequent apprehension over one year following arraignment date; under these circumstances, burden did not shift to Commonwealth to establish its own diligence); ***Vesel, supra*** (holding time between defendant's scheduled ARD hearing and his arrest was excludable where defendant failed to appear for ARD hearing; defendant testified that someone from clerk of courts had called him on day before scheduled hearing to notify him that hearing was postponed and defendant would receive another subpoena for future proceeding; court issued bench warrant when defendant failed to appear for initially scheduled hearing, and police did not apprehend defendant until eight years later; defendant's

credibility was in doubt; Commonwealth had no duty to exercise due diligence under these circumstances).[12]

Instantly, Officer Berger testified at the Rule 600 hearing that Appellant provided his address as 614 West Gordon Street in Allentown, at the time of Appellant's arrest. Appellant did not tell the officer he would be moving shortly or supply another address at that time. Thus, Officer Berger recorded the address Appellant supplied on the criminal complaint. Colleen Schwenger, the administrative assistant for the district magistrate, testified at the Rule 600 hearing that on July 6, 2011, the court sent Appellant a copy of the criminal complaint and notice of the preliminary hearing scheduled for August 23, 2011, by first-class and certified mail to 614 West Gordon Street. She testified the postal service returned the first-class mail as "return to sender, attempted not known, unable to forward," but that the postal service forwarded the certified mail to Ms. Walker (Appellant's fiancée) at 510 West Wyoming Street in Allentown; ultimately, the postal service returned the certified mail to the court as well.[13] When Appellant failed to appear for the scheduled preliminary hearing on August 23, 2011, the court issued a bench warrant. Ms. Schwenger explained that Appellant gave his address as 510

---

[12] In **Vesel**, this Court analyzed Pa.R.Crim.P. 1100, the predecessor to Rule 600. The rules are substantively similar.

[13] Ms. Schwenger testified the certified mail was returned as "undeliverable" or "unclaimed."

West Wyoming Street at his eventual arraignment on April 16, 2012.

Appellant also testified at the Rule 600 hearing. Appellant stated he provided Officer Berger with his correct address at the time of his arrest on June 4, 2011 (614 West Gordon Street), but Appellant said he moved to 510 West Wyoming Street before the court mailed him the criminal complaint and notice of the preliminary hearing. Appellant offered no explanation why the certified mail forwarded to 510 West Wyoming Street did not reach him.[14] Appellant claimed the Lehigh County Adult Probation Office supervised him during that period on an unrelated matter and had his new address on file. Appellant testified Lehigh Valley Pretrial Services also had his new address on file since May 2011 (before Appellant had even moved), because Appellant was under bail supervision related to a pending parole violation in another case. Appellant testified his probation officer informed him of the bench warrant for his arrest sometime in March 2012; Appellant turned himself in on the outstanding warrant on April 16, 2012.

The record supports the court's decision to deny Appellant's Rule 600 motion. Significantly, Appellant told Officer Berger, at the time of his arrest, that Appellant resided at 614 West Gordon Street in Allentown, but he made no mention to the officer that he planned to relocate shortly thereafter. Appellant's testimony that Lehigh Valley Pretrial Services had his new

---

[14] Appellant also did not indicate that anyone other than himself set up his forwarding address with the post office.

address on file for two months before the court attempted to serve the certified mail at issue suggests Appellant knew at the time of his arrest that he would be relocating soon. In any event, the post office had on file a forwarding address to Ms. Walker of 510 West Wyoming Street in Allentown, so the post office forwarded the certified mail to Appellant's new address. Appellant proffered no explanation at the Rule 600 hearing why he did not claim the forwarded certified mail sent to 510 West Wyoming Street. In its order denying relief, the court expressly stated that it found Appellant's testimony largely incredible. (Opinion in Support of Order Denying Pre-trial Motion, filed 12/6/13, at 6). Ultimately, the court concluded that the 237-day delay between August 23, 2011 (the date scheduled for Appellant's preliminary hearing) and April 16, 2012 (the date Appellant turned himself in on the bench warrant) was excludable time attributable to Appellant, and that the "delay in prosecuting [Appellant's case] primarily rested with [Appellant]." (*Id.* at 9).

We agree with the court's ruling. Appellant was not a novice to the legal system. Appellant knew he faced criminal charges following his arrest and that a criminal complaint and notice of a preliminary hearing would be sent to the address he provided Officer Berger. Notwithstanding Appellant's failure to supply Officer Berger with his new address, the postal service was still able to forward the certified mail to the correct address. A notation on the docket entries from August 15, 2011 states: "Certified Summons

Unclaimed," suggesting Appellant simply failed to claim the certified mail. Additionally, Appellant did not turn himself in on the bench warrant for more than ten months following his arrest. Due to his familiarity with the legal system, any claim that Appellant could not have anticipated legal proceedings to commence within that timeframe is disingenuous. Appellant cannot shirk the system by refusing to retrieve mail sent to his correct address and then plead ignorance in an attempt to escape prosecution. The record makes clear Appellant was instrumental in causing the delay at issue. *See* Pa.R.Crim.P. 600, *Comment*. Consequently, the court properly excluded the delay from its Rule 600 computation. ***See Baird, supra***; ***Vesel, supra***; ***Williams, supra***. Under these circumstances, we see no reason to disturb the court's denial of Appellant's Rule 600 claim. ***See Hunt, supra***.

In his second issue, Appellant argues the Commonwealth failed to file the criminal complaint against him within five days of his release from arrest on June 4, 2011. Appellant asserts the delay in filing the criminal complaint prejudiced him because it caused the court to serve the criminal complaint at an address where Appellant no longer resided. While Appellant ignores the fact that the postal service also forwarded the certified mail to his new address, he maintains the unsuccessful service put him at risk of incarceration (due to the court's issuance of a bench warrant after Appellant failed to appear for the preliminary hearing on August 23, 2011). Appellant

further contends he suffered "some" emotional distress when his probation officer informed Appellant of the outstanding bench warrant.[15]  Appellant concludes the trial court erred in finding he suffered no prejudice, and this Court must reverse his convictions and dismiss the charges against him.  We disagree.

Pennsylvania Rule of Criminal Procedure 519 provides:

> **Rule 519.   Procedure in Court Cases Initiated by Arrest Without Warrant**
>
> *    *    *
>
> **(B)   Release**
>
> (1)   The arresting officer shall promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:
>
>> (a)  the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa.C.S.A. § 3802;
>>
>> (b) the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and
>>
>> (c) the arresting officer has reasonable grounds to believe that the defendant will appear as required.
>
> (2)   When a defendant is released pursuant to paragraph (B)(1), a complaint shall be filed against the defendant within 5 days of the defendant's release.  Thereafter, the

---

[15] Appellant does not develop his claim of emotional distress on appeal.

issuing authority shall issue a summons, not a warrant of arrest, and shall proceed as provided in Rule 510.

Pa.R.Crim.P. 519(B).  Additionally, Pennsylvania Rule of Criminal Procedure

109 provides:

### Rule 109.  Defects in Form, Content, or Procedure

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

A complaint filed outside of the prescribed five-day period in Rule 519 warrants dismissal only after a showing that the delay prejudiced the defendant.  ***Commonwealth v. Schimelfenig***, 522 A.2d 605 (Pa.Super. 1987), *appeal denied*, 518 Pa. 624, 541 A.2d 1136 (1988) (holding Commonwealth's failure to file criminal complaint for DUI against multiple defendants for more than five days after defendants' release did not warrant dismissal of cases of defendants where they failed to show prejudice). Absent a showing of prejudice, dismissal is an inappropriate remedy for a Rule 519 violation.  ***Commonwealth v. Wolgemuth***, 737 A.2d 757 (Pa.Super. 1999).  ***See also Commonwealth v. Revtai***, 516 Pa. 53, 532 A.2d 1 (1987) (holding failure to comply with 5-day period in which to serve complaint constitutes procedural defect; such defect, however, does not

mandate self-executing remedy of dismissal; rather, defect triggers separate and distinct analysis under Rule 150 to determine proper remedy).[16]

Instantly, Officer Berger arrested Appellant on June 4, 2011. The Commonwealth filed a criminal complaint against Appellant on June 20, 2011 (which the magistrate signed on July 1, 2011), charging Appellant with two counts of DUI, and one count each of habitual offenders and driving while operating privilege is suspended or revoked. The DUI charges and the habitual offenders charge are misdemeanor crimes. *See* 75 Pa.C.S.A. §§ 3803; 6503.1. Because Appellant did not raise his Rule 519 challenge before the conclusion of the preliminary hearing on December 26, 2012, Appellant's belated claim for dismissal of those charges affords no relief. *See* Pa.R.Crim.P. 109.

At the hearing on Appellant's omnibus pre-trial motions, Appellant claimed he suffered prejudice in the form of emotional distress due to the Commonwealth's delay in filing the criminal complaint. Significantly, Appellant presented no evidence to substantiate his claims of emotional distress. In denying Appellant's pre-trial motion, the court rejected Appellant's unsupported claims of prejudice as "disingenuous" and lacking

---

[16] In *Revtai*, *Wolgemuth* and *Schimelfenig*, this Court analyzed the 5-day violation under Pa.R.Crim.P. 102(c) and Pa.R.Crim.P. 130(d), which are predecessors to Rule 519. The language in Rule 102(c) and Rule 130(d) is substantively similar to Rule 519(B)(2). Pa.R.Crim.P. 150 is the predecessor to Rule 109. Those rules are also substantively similar.

merit. (***See*** Opinion in Support of Order Denying Pre-trial Motion at 10-11.) Absent a proper showing of prejudice, the court correctly denied Appellant's pre-trial motion to dismiss any of the charges against him based on the technical violation of Rule 519. ***See*** Pa.R.Crim.P. 109; Pa.R.Crim.P. 519(B); ***Revtai, supra***; ***Wolgemuth, supra***; ***Schimelfenig, supra***. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015