J-S20032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN D. BRANTLEY | : | |
| | : | |
| Appellant | : | |

No. 2858 EDA 2018

Appeal from the Judgment of Sentence Entered August 31, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-00015862017,
CP-51-CR-0001615-2017, CP-51-CR-0001616-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: August 13, 2020

Stephen D. Brantley appeals from the judgments of sentence imposed following convictions on three counts each of Unlawful Contact with a Minor, Institutional Sexual Assault, Endangering the Welfare of a Child ("EWOC"), Corruption of Minors, two counts of Indecent Assault Without Consent, and one count each of Indecent Assault of a Person Less Than 16 Years of Age, Involuntary Deviate Sexual Intercourse ("IDSI") with a Person Less Than  16 Years of Age, and IDSI with a Child.[1] Brantley's counsel filed a petition to withdraw as counsel and a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967). We affirm and grant counsel's petition to withdraw.

---

[1] 18  Pa.C.S.A  §§  6318,  3124.2,  4304,  6301,  3126(a)(1),  3126(a)(8), 3123(a)(7), and 3123(b), respectively.

In February 2017, Brantley, who was born in 1988, was arrested on charges related to the sexual assaults of three minor boys – B.C., D.W., and F.B. – who resided at Child First Group Home ("Child First"), where Brantley worked. Child First is a group residential home. N.T., 6/12/18, at 161.

In June 2018, the trial court conducted a bench trial, where it heard testimony from the three victims. B.C. testified he was 17 when he came to live at Child First in July 2016. N.T., 6/11/18, at 22. He said that he and Brantley engaged in oral sex on multiple occasions in exchange for gifts, and in October 2016, they had anal sex against B.C.'s will. *Id.* at 34-56. B.C. testified at trial that he did not consent to any sexual relations with Brantley. *Id.* at 42.

D.W. testified that came to live at Child First in May 2016. He said he and Brantley engaged in oral and anal sex on multiple occasions when D.W. was 12 and 13 years of age. N.T., 6/12/18, at 11-52. D.W. testified that Brantley would give him cash or pay his phone bill to keep him silent. *Id.* at 59. During the final encounter, D.W. took a condom that contained Brantley's semen. *Id.* at 52. At trial, an expert in forensic science, Craig Judd, testified that the DNA found in the condom was predominantly Brantley's. N.T., 6/13/18, at 60-61. Corrine Sawyer, a foster mother to D.W., testified that D.W. told her that he and a worker at Child First were having sex and that the worker would ask D.W. to perform oral sex on him in the school van. *Id.* at 9-10.

F.B. testified that he began living at Child First when he was 16. N.T., 6/12/18, at 108. He said that he and Brantley engaged in oral sex on multiple occasions and anal sex on one occasion. *Id.* at 113-17. F.B. testified that all encounters occurred in F.B.'s bedroom in the Child First house. Brantley gave F.B. money in exchange for his silence, and F.B. did not consent to have sex. *Id.* at 113-14, 120. Detective Patricia Eberhart with the Special Victims Unit testified that she received a statement from F.B. in which he said Brantley forced him into sexual acts in exchange for cell phone use and other things F.B. wanted. N.T., 6/13/18, at 89.

Sloane Carter, the director of CB Community School, which the victims attended, testified that she knew Brantley as the director of Child First. N.T., 6/12/18, at 159, 161. Further, B.C. testified that Brantley was "like a director" at Child First. Brantley's duties included looking after the residents, cooking for them, and sometimes driving them to and from school. N.T., 6/11/18, at 24-25. D.W. similarly testified that Brantley was "like an actual assistant director" at Child First. N.T., 6/12/18, at 19.

Following trial, in June 2018, the trial court found Brantley guilty of the above-referenced offenses. In August 2018, it imposed the following consecutive sentences: 15 to 30 years' incarceration for the IDSI with a Child conviction, five to ten years' incarceration for the first-degree Unlawful Contact conviction, six to 12 months' incarceration for one Institutional Sexual Assault conviction, and six to 12 months' incarceration for one EWOC conviction. The trial court also sentenced Brantley to concurrent terms of four

years' probation for each of the remaining Institutional Sexual Assault convictions, Unlawful Contact convictions, EWOC convictions, two of the Corruption of Minors convictions and one of the Indecent Assault without Consent conviction. The court imposed no further penalty on the IDSI With a Person Under 16 conviction and the remaining Indecent Assault and Corruption of Minors convictions. Brantley did not file a post-sentence motion.

Brantley filed timely notices of appeal.[2] In response to a Pa.R.A.P. 1925(b) order, counsel filed a Notice of Intent to File an ***Anders*** Brief Pursuant to Pa.R.A.P. 1925(c)(4). Counsel then filed in this Court an ***Anders*** brief and a petition to withdraw as counsel.

Counsel lists the following three issues in his ***Anders*** brief:

> Was the sentence imposed upon [Brantley] by the [trial] court manifestly excessive?
>
> Was the verdict against the weight of the evidence to such a degree that it shocks one's conscience?
>
> Is the competent evidence of record legally sufficient to support the convictions in this matter?

***Anders*** Br. at 6 (suggested answers omitted).

---

[2] Brantley filed a notice of appeal at each docket number, listing three docket numbers. Because a separate notice was filed at each docket, we do not quash this appeal. ***See Commonwealth v. Johnson***, --- A.3d ----, 2020 WL 3869723, at *4-5 (Pa.Super. July 9, 2020) (*en banc*).

Brantley's notices of appeal were timely, even though he filed them on the 31st day after sentencing, as the 30th day – September 30, 2018 – was a Sunday. ***See*** Pa.R.A.P. 903(a) (stating notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 1 Pa.C.S.A. § 1908 (excluding last day from computation of time if last day falls on a weekend or holiday).

Before we address the merits of the issues, we must address counsel's request to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). When counsel seeks to withdraw pursuant to *Anders*, counsel must: (1) "petition the court for leave to withdraw and state that after making a conscious examination of the record, he has determined that the appeal is frivolous;" (2) "file a brief referring to any issues in the record of arguable merit"; and (3) "furnish a copy of the brief to the defendant and advise him of his right to retain new counsel," or to continue as a *pro se* litigant. *Commonwealth v. Santiago*, 978 A.2d 349, 351 (Pa. 2009). The *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Here, appointed counsel has met all of the above requirements. First, counsel "petition[ed] the court for leave to withdraw and state[d] that after making a conscious examination of the record, he has determined that the appeal is frivolous." *Id.* at 351. He also filed a brief referring to any issues of

arguable merit and furnished a copy of the brief to Brantley, advising him that he had a right to retain new counsel or continue *pro se*.

Further, counsel's **Anders** brief contained all of the necessary parts pursuant to **Santiago**. In the brief, counsel summarized the procedural and factual history, with citations to the record. **Id.** Counsel also referred to parts of the record that he believed arguably could support the appeal. **Id.** Counsel "set forth [his] conclusion that the appeal is frivolous," and stated his reasons for so concluding. **Id.** Further, counsel "articulate[d] the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

As counsel met all of these requirements, we will now review the issues counsel identified in the **Anders** brief to determine if they are frivolous. The first issue counsel discusses is a weight of the evidence claim. Counsel concludes Brantley waived this claim because he did not raise it before the trial court. We agree. A weight challenge is addressed to the discretion of the trial court, and on appeal, we review the trial court's exercise of that discretion. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009). The failure to make a weight challenge before the trial court therefore results in waiver of the claim on appeal. **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa.Super. 2012) (citing **Commonwealth v. Bond,** 985 A.2d 810, 820 (Pa. 2009)). Because Brantley did not make such a challenge below, he has waived it here.

The second issue contained in the **Anders** brief is that the sentence imposed by the trial court is manifestly excessive and the trial court abused its discretion. "An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]" **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). We therefore look to determine whether: (1) the appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) the appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **See id.**

Here, Brantley did not make any post-sentence motion. He therefore did not properly preserve his sentencing issue for appeal.

The final issue in the **Anders** brief is whether the evidence presented at trial was insufficient to support Brantley's conviction. When reviewing a sufficiency of the evidence claim, this Court must determine whether the evidence, and all reasonable inferences drawn from that evidence, when construed in the light most favorable to the Commonwealth, are sufficient to establish each element of each offense beyond a reasonable doubt. **Commonwealth v. Vesel**, 751 A.2d 676, 681-82 (Pa.Super. 2000) (citing **Commonwealth v. Johnson**, 727 A.2d 1089, 1092 (Pa. 1999)). This Court must evaluate and consider all of the evidence presented at trial. **Commonwealth v. Woods**, 638 A.2d 1013, 1015 (Pa.Super. 1994). "[T]he uncorroborated testimony of a sexual assault victim, if believed by the trier of

fact, is sufficient to convict a defendant." ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa.Super. 2006) (quoting ***Commonwealth v. Davis***, 650 A.2d 452, 455 (Pa.Super. 1994)).

Brantley was convicted of IDSI with a Child and IDSI with a Person Less Than 16 years of age for his interactions with D.W. A person commits IDSI with a Person Less Than 16 Years of Age when he engages in deviate sexual intercourse with a complainant "who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3123(a)(7). A person commits IDSI with a Child when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age. 18 Pa. C.S.A. § 3123(b). "Deviate sexual intercourse" is defined as "intercourse per os or per anus between human beings" and "includes penetration, however slight, of the genitals or anus of another with a foreign objection for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S.A. § 3101.

D.W. testified that Brantley engaged in oral and anal sex with him on multiple occasions, and that D.W. was 12 and 13 at the time of the assaults. D.W. also testified he saved a condom that contained Brantley's semen. This condom tested positive for Brantley's DNA, according to the testimony of a forensic science expert, Craig Judd, who stated, "Stephen Brantley is the source of the major component of the DNA mixture detected in the samples." N.T., 6/13/18, 61-64. Brantley was more than four years older than D.W. at

the time of the assaults. This evidence is sufficient to support the IDSI with a Person Less Than 16 Years of Age conviction and the IDSI with a Child conviction.

Brantley was convicted of one count of Indecent Assault with a Person Less Than 16 Years of Age and two counts of Indecent Assault Without Consent. A person commits indecent assault as charged when the person (1) has "indecent contact with the complainant"; (2) "causes the complainant to have indecent contact with the person"; or (3) "intentionally causes the complainant to come into contact with seminal fluid . . . for the purpose of arousing sexual desire in the person or the complainant," and either "the person does so without the complainant's consent" or "the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3126(a)(1), (8). Indecent contact is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa. C.S.A. § 3101.

B.C. and F.B. testified that Brantley had oral intercourse with them without their consent and Brantley had anal intercourse with B.C. without his consent. Further, D.W. testified that Brantley had oral and anal intercourse with him when he was under 16 years of age. Brantley was over the age of 18 and more than 4 years older than D.W. at the time of the assaults. Statements from the three victims is sufficient evidence to uphold the

convictions for Indecent Assault without Consent and Indecent Assault of a Person Less Than 16 Years of Age.

Brantley's EWOC conviction is also properly supported by the evidence. "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person" is guilty of EWOC when the person "knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1). The term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training, or control of a child. 18 Pa.C.S.A. § 4304(a)(3). Brantley was an employee of the group home the minor victims lived in and was a person supervising the welfare of the boys, who were under the age of 18. The witness testimony from B.C., F.B., and D.W. is sufficient to uphold the conviction on this charge. Brantley assaulted the boys while they were under his direct care and supervision.

In addition, the court convicted Brantley of three counts of Institutional Sexual Assault. Institutional Sexual Assault occurs when "[a] person who is an employee or agent of the Department of Corrections or a county correctional authority, youth development center, youth forestry camp, State or county juvenile detention facility, [or] other licensed residential facility serving children and youth. . . engages in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate, detainee, patient or resident." 18 Pa.C.S.A. § 3124.2(a). Brantley was an employee of Child First, a state residential facility that housed adolescent boys. Brantley engaged in non-

consensual sexual intercourse with B.C., F.B., and D.W. while they were residents of Child First, under Brantley's supervision and care. The witness testimony from the three victims as to the sexual assault, and the fact that Brantley was an employee of Child First, a state residential facility for children, are sufficient to support the Institutional Sexual Assault convictions.

The evidence also supported Brantley's convictions for three counts of Corruption of Minors. A person commits the crime of Corruption of Minors when the person is over the age of 18 and the victim is less than 18 years of age and the person "by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 . . . ." 18 Pa.C.S.A. § 6301(a)(1)(ii). Brantley was over the age of 18 when he coerced the three victims into performing sexual acts. The three victims each testified to being under the age of 18 at the time of the assaults by Brantley. Witness testimony from the victims is sufficient to uphold the conviction for three counts of Corruption of Minors.

Brantley's convictions for Unlawful Contact with a Minor likewise has sufficient support in the evidence. A person commits this offense if the person is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under the statute. Prohibited activities include, but are not limited to, "[a]ny offenses enumerated in Chapter 31 (relating to sexual offenses)" and "[s]exual abuse of children as defined in section 6312 (relating

- 11 -

to sexual abuse of children)." 18 Pa.C.S.A. § 6318(a)(1), (5). Each of the three victims (B.C., D.W., and F.B.) testified that they had engaged in sexual acts with Brantley. Brantley was over the age of 18, and in his late 20's, when the assaults on the boys took place. The witness testimony and proof of the ages of the victims is sufficient to uphold Brantley's conviction of Unlawful Contact with Minors.

Brantley's counsel states that all of the issues he listed in the **Anders** brief are frivolous. Our review confirms that those issues lack any reasonable basis in fact or law, and our review of the record has disclosed no non-frivolous issues for appeal. As counsel has taken all of the necessary steps to withdraw from representation pursuant to **Anders** and **Santiago**, and there are no non-frivolous issues, we affirm the judgment of sentence and grant the petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/20