## International Collection Service, Inc. v. Kenneth F. Gibbs

[510 A.2d 1325]

No. 84-442

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed May 2, 1986

*Herbert J. Downing,* Williamstown, for Plaintiff-Appellant.

*Charlene R. Bohl,* Chelsea, for Defendant-Appellee.

**Allen, C.J.** Plaintiff appeals the dismissal of its suit for lack of personal jurisdiction. We reverse.

Plaintiff, International Collection Service, is a nationwide debt collection business incorporated in Vermont. Plaintiff collects debts on behalf of creditors with delinquent accounts in Vermont and other states, relying on independent field representatives to identify prospective customers and sell them its collection program. The defendant was one of the plaintiff's field representatives, located in Monona, Wisconsin. He was paid a weekly commission based on a fixed percentage of his sales. The parties entered into a written agreement approximately ten months after the defendant began working for plaintiff. Among other terms, this agreement contained a covenant not to compete, and a provision that Orange County, Vermont would be the exclusive venue of any suits arising out of the agreement.

Soon after signing the agreement, defendant stopped working for the plaintiff. The plaintiff then instituted an action in Orange County Superior Court alleging that defendant was working for a competitor of the plaintiff, and seeking damages and injunctive relief for the enforcement of the covenant not to compete contained in the signed agreement. Defendant answered by claiming that the court did not have personal jurisdiction over him, contending that he did not have the minimum contacts necessary to establish the court's jurisdiction. See *International Shoe Co.* v. *State of Washington,* 326 U.S. 310, 316 (1945). He further contends that it would be unfair to enforce the exclusive venue provision because of the remoteness of the chosen forum from the place where the contested events occurred. The trial court granted the defendant's motion on both grounds.

Personal jurisdiction may be conferred upon a court by the consent of the parties. *Avery* v. *Bender,* 126 Vt. 342, 345, 230 A.2d 786, 788 (1967). Consent to a court's jurisdiction over the person may be given by a "variety of legal arrangements," *Insur-*

*ance Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982), including a contractual stipulation to the jurisdiction for the resolution of disputes between the parties to the contract. *National Equipment Rental, Ltd.* v. *Szukhent*, 375 U.S. 311, 315-16 (1964). By entering into a contract containing a forum selection clause, the defendant expressly waived any claim of lack of jurisdiction over his person in Vermont. A due process analysis of other minimum contacts between the defendant and the chosen forum is unnecessary as long as the forum selection clause is enforceable.

In *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the United States Supreme Court held that forum selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10 (footnote and citations omitted). While suit in *The Bremen* was brought under admiralty jurisdiction, *The Bremen* Court's reasoning is equally applicable to domestic suits. *Bense* v. *Interstate Battery System of America, Inc.*, 683 F.2d 718, 721 (2d Cir. 1982).

Defendant contends that enforcement of the clause would impose an unreasonable burden upon him because the chosen forum is a seriously inconvenient place of trial for him. In *The Bremen*, the Court stated that where the inconvenience a party might suffer was clearly foreseeable when the contract was entered into,

> it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.

*The Bremen, supra*, 407 U.S. at 18. The defendant here does not contest the foreseeability of the inconvenience he asserts in this case, and therefore his burden of proof is an exacting one. "Mere inconvenience or additional expense" will not suffice. *ABC Mobile Systems, Inc.* v. *Harvey*, 701 P.2d 137, 139 (Colo. App. 1985). The defendant contends only that the cost of transporting his witnesses from Wisconsin to Vermont will unduly burden his defense. This factor alone is not dispositive, because deposition testimony can be taken and used at trial if the witnesses are unavailable. *Hauenstein & Bermeister, Inc.* v. *Met-Fab Industries, Inc.*, 320 N.W.2d 886, 890 (Minn. 1982).

Chief Judge Holden's assessment of a similar claim, as quoted in *Bense, supra*, 683 F.2d at 722, strikes at the heart of defendant's contention in this case:

"[Defendant] has shown no difficulties in bringing this suit in [the chosen forum] other than the inconvenience and expense of travelling. . . . [M]ajor witnesses would most likely be defendant's employees who are all located in [that forum]. These facts clearly do not show that trial in the contractual forum will be so gravely difficult that [defendant] will be denied his day in court (citation omitted), nor that enforcement of the clause will be so unjust as to allow the [defendant] to escape the term to which he agreed."

Defendant has not shown that it would be unjust or unreasonable to enforce the forum selection clause in the contract. Accordingly, the Orange Superior Court has jurisdiction over the person of the defendant and the motion to dismiss should have been denied.

*Reversed and remanded.*