## Chase Commercial Corporation v. Richard and Bonita Rae Barton

[571 A.2d 682]

No. 88-324

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed January 12, 1990

*Richard A. Unger,* Montpelier, for Plaintiff-Appellee.

*Erick Titrud* of *Darby Laundon Stearns & Thorndike,* Waterbury, for Defendants-Appellants.

**Allen, C.J.** Defendants seek interlocutory review of the trial court's order denying their motion to dismiss plaintiff's claim on certain defaulted leases, based on a forum selection clause in

the leases and the failure of plaintiff's assignor to qualify to do business in Vermont. We affirm.

In 1980 defendants, who owned the Heiress Motel in Barre, entered into three agreements with Thermasol, Ltd., a New Jersey-based company, for the lease and installation of twenty-four in-room steambath units. Thermasol was not registered to do business in Vermont at any time. Thermasol maintained its principal office in New Jersey, and had neither offices, permanent resident agents, or resident employees in Vermont on the date of the transactions. It moved to California in 1981.

Each lease stated in bold-face type, "ACCEPTED & AGREED AT LEONIA, NEW JERSEY THERMASOL LTD, LESSOR." Defendants signed the leases in Vermont and returned them to Thermasol in New Jersey, where they were signed by a Thermasol representative. In addition paragraph 14 of each lease stated:

> Lessor and Lessee agree that the Superior Court of the State of New Jersey and any federal court located therein shall have exclusive jurisdiction to hear and determine any disputes pertaining to this Agreement or to any matter arising hereunder and expressly waive any and all right to institute or maintain any claim or action . . . in any court or jurisdiction not having situs in the State of New Jersey.

Thermasol's employees installed the units in November and December, 1980, a process which took four to six weeks to complete. Defendants thereafter sold the motel to others, who in turn sold the motel to its present owners. Defendants remained as guarantors under the leases throughout.

In 1981, Thermasol sold the leases to Chase Commercial Corporation, which brought the present action against defendants in 1987 for nonpayment. Defendants moved to dismiss the complaint for failure to state a claim, based in relevant part on the leases' stated choice of New Jersey as the forum state for any disputes, and on Thermasol's failure to register to do business in Vermont.

The trial court concluded that the transactions constituted interstate commerce and were beyond the reach of 11 V.S.A. § 2101(a), and that § 2120(a) did not apply because the leases

were not made by Thermasol "in this state." The trial court also concluded that it had jurisdiction over the case despite the forum selection clause. It stated:

[A]lthough New Jersey may be an appropriate forum for this case, divesting Vermont of jurisdiction is unreasonable. The parties, the goods, some witnesses, and some evidence are here. The defendants have not asserted any interest in having the case tried in New Jersey; the plaintiff plausibly asserts that the only possible reason for wanting to take the action to New Jersey is to delay the proceedings.

Defendants moved for permission to appeal under V.R.A.P. 5(b), which was granted. Pursuant to the Rule, the court certified the following questions for appeal:

I. Is the forum-selection clause contained in the leases enforceable?

II. Do Thermasol's activities in Vermont at or about the time it executed the leases constitute "doing business" under 11 V.S.A. § 2101(a)?

III. Are the leases contracts "made in Vermont" under 11 V.S.A. § 2120(a)?

## I.

There can be no doubt that forum selection clauses are prima facie enforceable in Vermont. *International Collection Service v. Gibbs*, 147 Vt. 105, 107, 510 A.2d 1325, 1327 (1986); see *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Plaintiff, on the other hand, points out that Vermont has clear jurisdiction over both the parties and the subject matter of the dispute. *Burrington v. Ashland Oil Co.*, 134 Vt. 211, 214, 356 A.2d 506, 509 (1976). Enforcement of a forum selection clause is not automatic, and courts may disregard such clauses if enforcement would be unreasonable. *International Collection Service v. Gibbs*, 147 Vt. at 107, 510 A.2d at 1327. In the present case, the lessor, Thermasol, designated New Jersey, its principal place of business at the time, as the forum state. Thermasol has since moved its base of operations to California. Defendants have not offered any reason to require Vermont courts to defer

to those in New Jersey nor advanced any argument that a New Jersey venue would serve their own interests, other than their evident interest in ousting Vermont as the forum state.

■ In nearly all of the cases cited by defendants, courts were asked to balance the interests of the party on whose behalf a forum selection clause was originally included, against the interests of parties asserting rights to another forum, based on fairness, inconvenience, or change of circumstances. See, e.g., *Richardson Engineering Co. v. IBM Corp.*, 554 F. Supp. 467 (D. Vt. 1981) (New York defendant enforces New York venue clause against Vermont (subsequently New Jersey) plaintiff). The trial court considered the same factual issue of inconvenience and decided not to enforce the forum selection clause based on the removal of witnesses and evidence from New Jersey to California, and the presence of "the Bartons, the leased goods, and all subsequent holders of the leased goods . . . in Vermont." Defendants have not demonstrated that these findings are clearly erroneous, and they must stand. Consequently, the court properly declined to dismiss the Vermont action in favor of a New Jersey forum. The first certified question is answered in the negative on the facts presented.

## II.

Defendants next argue that Thermasol executed the leases without registering to do business in Vermont as required by 11 V.S.A. § 2101(a),[1] and, therefore, enforcement was precluded because the leases were contracts "made by it in this state" within the meaning of 11 V.S.A. § 2120(a).[2]

---

[1] 11 V.S.A. § 2101(a) states in relevant part:

(a) No foreign corporation shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state, and shall have complied with any other requirements of law respecting corporations subject to regulation of the public service board, the commissioner of banking and insurance, or other agencies of the state.

[2] 11 V.S.A. § 2120(a) states in relevant part:

(a) A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority. This provision

■ The trial court correctly concluded that Thermasol and the Bartons did not make the leases in Vermont. The "place of contract is where the last act essential to the completion was done." *West-Nesbitt, Inc. v. Randall*, 126 Vt. 481, 483, 236 A.2d 676, 678 (1967). The leases' bold-face legend required defendants to return the leases to New Jersey for acceptance and execution by Thermasol. Acceptance is deemed to be the last act in completion of a contract. *Arthur A. Bishop & Co. v. Thompson*, 99 Vt. 17, 21, 130 A. 701, 702–03 (1925). The last act occurred in New Jersey, not Vermont, thus precluding any § 2120(a) violation.

Because we conclude that the leases were not made in Vermont within the meaning of 11 V.S.A. § 2120(a), we do not reach the issue of whether Thermasol's activities constituted doing business in Vermont. *New England Road Machinery Co. v. Calkins*, 121 Vt. 118, 123, 149 A.2d 734, 738 (1959).

Without citing any support, defendants suggest that Thermasol's superior knowledge and position in the transactions rendered it the offeror, and therefore acceptance functionally occurred in Vermont when defendants signed the agreement. We disagree. The leases were clear on their face, and there was nothing in the acceptance provision that can be said to have been unfair or insufficiently clear. The third certified question is answered in the negative.

*Affirmed.*

---

shall also apply to an assignee of such foreign corporation, and to a person claiming under such assignee or such corporation except a domestic receiver of such foreign corporation.