Yanmar Am. Corp. v. Crean Equip., Inc., No. 542-7-10 Rdcv (Teachout, J., June 6, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Rutland Unit

CIVIL DIVISION
Docket No. 542-7-10 Rdcv

Yanmar American Corp.
     Plaintiff

     v.

Crean Equipment, Inc.
     Defendant

## DECISION
### Defendant's Motion for Reconsideration

Defendant Crean Equipment, Inc. ("Crean") seeks reconsideration of the court's decision granting summary judgment to Plaintiff Yanmar American Corp. ("Yanmar"). Defendant argues that the court mistook the Georgia court's entry of default judgment against Crean as a ruling on the merits of Crean's Rule 12(b)(6) motion to dismiss for failure to state a claim. Defendant now asserts that it never actually appeared in the Georgia proceedings and is entitled to contest personal jurisdiction in this court.

After Yanmar, pursuant to the contract between Yanmar and Crean, brought suit in Barstow County, Georgia, Timothy Crean, president of Crean, appeared in the Georgia action and filed a 12(b)(6) motion to dismiss for failure to state a claim. Crean filled no other preliminary motions and did not contest personal jurisdiction. It now appears that the Georgia court did not address the 12(b)(6) motion but rather entered a default judgment against Crean because Tim Crean was not authorized to represent Crean Equipment, Inc.

Defendant's argument in favor of reconsideration mischaracterizes the reasoning supporting the court's grant of summary judgment to the Plaintiff. The issue is not whether the Georgia ruled on the 12(b)(6) motion but rather that Tim Crean filed it in the Georgia forum. By filing a 12(b)(6) motion and no jurisdictional challenges, a party waives any potential challenge to personal jurisdiction. See O.C.G.A. § 9-11-12(h)(1)(A); see also 18A Wright, Miller, & Cooper, Federal Practice and Procedure: Civil 2d § 4430 ("A defendant who appears to litigate the merits without properly preserving an objection to personal jurisdiction forfeits the right to raise the objection in the initial proceeding and is bound by the resulting judgment."). Tim Crean, merely by attempting to litigate the merits of the case in the Georgia court, waived any challenge as to personal jurisdiction.

Defendant focuses on Tim Crean's inability to represent the corporate defendant Crean Equipment, Inc. in the Georgia court. Defendant cites no law in support of its position that Tim

Crean's action cannot bind Crean Equipment, Inc. The court finds the cases cited by Plaintiff to be persuasive. See, e.g., *Jimenez ex rel. Disla v. Brenilee Corp.*, 852 N.Y.S.2d 94, 95 (App. Div. 2008) (holding corporate defendant's improper appearance without counsel "provides no basis for vacating a judgment entered against that defendant"). Crean cannot use its own failure to follow corporate formalities as a defense against the waiver of any personal jurisdiction challenge.

Furthermore, Defendant has not shown that the contractual forum selection clause is invalid. The contract between Yanmar and Crean provided that Barstow County, Georgia would be the proper forum for all disputes arising out of the contract. By entering into a contract with a forum selection clause, Defendant waived any challenge as to personal jurisdiction. *Int'l Collection Serv., Inc. v. Gibbs*, 147 Vt. 105, 107 (1986). Even if Tim Crean's attempted appearance in the Georgia court did not waive Defendant's personal jurisdiction challenge, jurisdiction in Georgia was nonetheless valid under the contract.

ORDER

Defendant's Motion for Reconsideration is *denied*.

Dated at Rutland, Vermont this ___ day of _____, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge