*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-261

JANUARY TERM, 2012

| | | |
|---|---|---|
| Kaser USA, LLC | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orange Unit |
| v. | } | Civil Division |
| | } | |
| Seabreeze Trading Corp. | } | DOCKET NO. 204-9-09 Oecv |

Trial Judge: Harold E. Eaton, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff Kaser USA, LLC appeals from an order of the superior court, civil division, granting defendant Seabreeze Trading Corporation's motion to dismiss for lack of jurisdiction. Kaser contends the court erred in declining to enforce a contractual choice-of-forum clause that allegedly designated Vermont as the non-exclusive forum for the resolution of disputes arising out of the agreement. We affirm.

The underlying facts are undisputed. In July 2007, plaintiff's predecessor-in-interest Kaser North America (Kaser NA) entered into an agency agreement with defendant Seabreeze which authorized Seabreeze to sell Kaser's products in parts of western Canada and the United States. Kaser NA was a New Hampshire corporation with its principal place of business in Bradford, Vermont. Seabreeze is a Canadian corporation based in Armstrong, British Columbia. The agreement referred to Kaser NA as the "principal" and Seabreeze as the "agent," and contained a choice-of-forum clause in which the parties agreed "that the courts of the Principal's place of business shall have non-exclusive jurisdiction to settle any dispute arising out this Agreement insofar as this is permitted by law."

Kaser NA was later dissolved and all of its existing contracts were transferred by agreement to Kaser USA, LLC, a Delaware limited liability company with its principal place of business in Connecticut. In August 2009, Kaser USA filed this action in the superior court, alleging that Seabreeze had breached the agency agreement by failing to deliver a contract and purchase order totaling $28,000 which Seabreeze had entered into on Kaser's behalf.

Seabreeze moved to dismiss for lack of jurisdiction, asserting that Kaser USA had succeeded as the principal under the contract, that the courts of Connecticut therefore had jurisdiction under the terms of the choice-of-forum clause, and that vesting jurisdiction in Vermont would be unreasonable due to the absence of any significant connection by either party with Vermont.

The court issued a written decision in May 2011. The court agreed that the principal's identity and place of business had changed and that by its plain terms the choice-of-forum clause no longer referred to Vermont or vested jurisdiction in its courts. The court also agreed that, in light of the change of ownership, enforcing the clause to vest jurisdiction in Vermont would be

unreasonable. Citing this Court's decision in <u>Chase Commercial Corp. v. Barton</u>, 153 Vt. 457 (1990), the court explained: "[E]ven if the clause did refer to Vermont, the court would conclude that it is unreasonable to conduct the litigation here. . . . Any connection between this litigation and this state ceased when Kaser NA was administratively dissolved and its interests were assigned to another company. There is simply no reason why Vermont courts should remain involved with this litigation any longer." Accordingly, the court granted the motion to dismiss, and denied a subsequent motion to reconsider. This appeal followed.

Kaser USA contends the trial court misinterpreted the choice-of-forum clause, asserting that the parties' intent was to vest jurisdiction specifically in Vermont rather than generically in the "place of the business" of the principal or its successor. We need not resolve this claim, however, because we agree with the trial court's alternative ruling that enforcement of the choice-of-forum clause would be unreasonable in these circumstances. As we observed in <u>Barton</u>, "[e]nforcement of a forum clause is not automatic, and courts may disregard such clauses if enforcement would be unreasonable." 153 Vt. at 459. There, the parties had entered into a commercial agreement containing a choice-of-forum clause designating the courts of New Jersey, the home state of the original lessor, Thermasol. Thermasol later sold the leases to Chase, however, which subsequently filed an action in Vermont against the defendant lessees for nonpayment. The defendants moved to enforce the choice-of-forum clause and dismiss for lack of jurisdiction. The trial court denied the motion, and we affirmed, noting the absence in the case of any ties to or interests in New Jersey following the sale of the company. <u>Id</u>. at 459-60.

This case is similar. As the trial court found, "any connection between this litigation and this state ceased when Kaser NA was administratively dissolved and its interests were assigned to another company" based elsewhere. Under these circumstances, Vermont has become essentially alien to this dispute—all connections that may have existed when the agreement was negotiated having been extinguished through unanticipated changes. See <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 16-17 (1972) (explaining that mere inconvenience would not render choice-of-forum clause unenforceable when parties "contemplated the claimed inconvenience" while distinguishing the "serious inconvenience" where clause vests jurisdiction "in a remote alien forum"). Accordingly, we discern no basis to disturb the trial court's judgment to dismiss for lack of jurisdiction.[*]

    <u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

---

[*] We note Kaser USA's claim that, due to the passage of time, dismissal may jeopardize its right, under the contract, to sue elsewhere, but that implicates issues of contract interpretation, estoppel, and the like and does not alter our conclusion concerning enforcement of the choice-of-forum clause.

2