*Mazur v. Mywebgrocer, Inc.*, No. 639-7-17 Cncv (Mello, J., Mar. 5, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER MAZUR, et al.,<br>  Plaintiffs<br><br>v.<br><br>MYWEBGROCER, INC.,<br>  Defendant | Docket No. 639-7-17 Cncv |

### RULING ON THE ENFORCEABILIITY OF THE FORUM SELECTION CLAUSE IN THE RELEASE SIGNED BY PLAINTIFF KRISTIN PRETTYMAN

This is a class action suit brought by Plaintiffs Christopher Mazur, Vicki Porter and Kristin Prettyman, on behalf of themselves and other former employees of the predecessor to Defendant MyWebGrocer, Inc. ("MWG"), claiming that MWG wrongfully failed to pay them and the other members of the class the full value of "phantom shares" they had earned under the predecessor's Phantom Share Plan ("Plan"). Plaintiffs seek an award of damages for MWG's alleged breach of its contractual obligations under the Plan and its alleged breach of the covenant of good faith and fair dealing.

Currently before the court is MWG's motion to dismiss the Complaint as to one of the three named plaintiffs, Kristin Prettyman, on the grounds that she signed a release that bars her claims and requires any claims relating to the release to be brought in the State of Delaware under Delaware law. Prettyman opposes the motion. She contends that the release, including its forum selection clause, is an unconscionable contract of adhesion and is unenforceable for lack of consideration. Prettyman is represented by Patrick J. Bernal, John D. Stasny, Jonathan M. Feigenbaum and Phillip Gordon, Esqs. MWG is represented by Jerome F. O'Neill and Navah C. Spero, Esqs.

Plaintiffs Mazur and Porter reside in Chittenden County, Vermont, and Plaintiff Prettyman resides in Media, Pennsylvania. All three plaintiffs were early employees of Defendant MWG's predecessor, a start-up company in Winooski, Vermont, named MyWebGrocer, L.L.C. (the "LLC"). As employees of the LLC, plaintiffs were also participants in a Phantom Share Plan, administered by the LLC, the stated purpose of which was to provide the employees with an opportunity to "share in the growth of the Company" (see Article 1.1 of Exhibit B to Plaintiff's Opposition memorandum). Under that Plan, the Plaintiffs and other vested participants were entitled to have their "phantom shares" converted into equity and paid off in cash under certain circumstances, such as if the company should be acquired in the future.

In May of 2013, the Start Up was acquired by the Defendant, MWG, which is a Delaware corporation having its principal place of business in Chittenden County, Vermont. The acquisition triggered the rights of the participants to be paid for their vested shares under the Phantom Share Plan. However, the participants were told that they would have to sign a release before they could be paid for their shares. The release stated, among other things:

> This Acknowledgement and Release shall be governed by, and construed in accordance with, the internal laws of the State of Delaware, without reference to the choice of law or conflicts of law principles thereof. Each party irrevocably submits to the exclusive jurisdiction of the courts of (a) the state courts located in Wilmington, Delaware and (b) the United States District Court for the District of Delaware, with respect to any matter arising hereunder or relating hereto.

(Exhibit A to MWG's Motion to Dismiss, p. 3).

According to the Complaint, there were approximately 60 participants in the Plan at the time, all but three of whom signed the release (Complaint, ¶ 70). Plaintiff Prettyman and approximately 56 others signed the release; Plaintiff Mazur, Plaintiff Porter, and one other participant (David Tanzer) did not sign the release. Nevertheless, MWG allegedly paid all 60 participants the same amount per share for their shares, whether they signed the release, or not. Plaintiffs contend that MWG shortchanged them and the other participants by paying them approximately $6.5 million less than what they were entitled to receive under the Plan (Complaint, ¶ 68).

As noted earlier, MWG contends that Plaintiff Prettyman must be dismissed from this case because she signed a release that bars her claim and requires any claim relating to the release to be brought in the State of Delaware under Delaware law. Prettyman contends that MWG's motion to dismiss must be denied because the release that she signed release is an unconscionable contract of adhesion and is unenforceable for lack of consideration. MWG denies Prettyman's contentions.

In this ruling, the court will not decide whether the release is valid or whether it bars Prettyman's claim. Those are matters to be decided later. The only question the court will decide at this time is whether the choice-of-forum provision of the release should be enforced. In deciding this question, the court will assume, without deciding, that the release is lawful and supported by adequate consideration.

"[F]orum selection 'clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" International Collection Service v. Gibbs, 147 Vt. 105, 107 (1986) (quoting The Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Thus, enforcement of a forum selection clause is "not automatic, and courts may disregard such clauses if enforcement would be unreasonable." Chase Commercial Corp. v. Barton, 153 Vt. 457, 459 (1990).

Plaintiffs contend that enforcement of the release's forum selection clause would be unreasonable because it would result in a waste of judicial resources, it would create a risk of inconsistent outcomes, it would force Prettyman to litigate her claim in a state having no interest in the litigation, and it would make it difficult, if not impossible for Prettyman to pursue her claim there because nearly all the witnesses and evidence are located in Vermont. MWG contends that the clause should be enforced because MWG is incorporated in Delaware, Prettyman lives just 20 miles from Wilmington, Delaware, and Prettyman agreed in the release to litigate any issue relating to the release in Delaware.

For several reasons, the court agrees with the Plaintiffs that, dismissing the Complaint as to Prettyman, thereby compelling her to litigate her claim in Wilmington, Delaware, in accordance with the forum-selection clause of the release, rather than here in Burlington, Vermont, would be unreasonable. First, granting MWG's motion would result in two separate lawsuits involving the same underlying dispute, one in Wilmington, Delaware involving the claims of Plaintiff Prettyman and other Plan participants who signed the release, and another one here in Burlington, Vermont involving the claims of Plaintiffs Mazur and Porter, who did not sign the release. The facts and circumstances relating to the rights of the plaintiffs under the Phantom Share Plan, and whether those rights were violated, would be identical in both suits. The only difference between the two suits would be that one of them (the suit in Delaware) would also involve the question of the enforceability of the release. It would be a waste of judicial resources, as well as the resources of the parties, to have courts in two states litigating the same underlying dispute for parties whose circumstances and claims are identical in all respects but one. Having two courts litigating the same claims at the same time would also run the risk of inconsistent outcomes.

Second, nearly all of the witnesses and parties necessary for an adjudication of the Plaintiffs' claims reside and work in Vermont. Although MWG is incorporated in the State of Delaware, its principal place of business is located in Winooski, Vermont, which is just a few miles from this courthouse, and which is where nearly all, if not all of its officers and employees, including those who would have to testify in this matter, are located. Other than Prettyman herself, who happens to now live just 20 miles from Wilmington, Delaware, virtually no one interested in the outcome of the case lives or works there. Moreover, it would be difficult, if not impossible for Prettyman to compel witnesses to appear in a court in Wilmington, Delaware, if her case were brought there.[1]

Third, the only contact that Delaware has with this matter is the fact that MWG happens to be incorporated there. All of the events which gave rise to this litigation occurred in Vermont, involved Vermont residents and employees, and involved a Phantom Share Plan administered in Vermont. Moreover, the Phantom

---

[1] Indeed, it might be impossible for Prettyman to pursue her claim in Delaware at this point in time. The parties appear to agree that Delaware has a three-year statute of limitations for breach of contract claims. The limitations period in Vermont is six years.

3

Share Plan contains choice-of-law and choice-of-forum provisions of its own. The Plan provides:

> Consent to Jurisdiction. The parties to this agreement hereby consent to the non-exclusive jurisdiction of the courts of the State of Vermont in connection with any matter or dispute arising under this Plan or between them regarding the affairs of the Company.
>
> Governing Law. The validity and construction of the Plan and any agreements entered into there under shall be governed by the laws of the state of Vermont without regard to the principles of conflicts of laws.

(Exhibit B, Articles 7.2 and 7.3).

Fourth, this court has had extensive involvement with the legal and factual issues that are at the heart of this case. In March of 2014, David Tanzer, a former MWG employee, filed a suit in this court asserting the same claims as are presented by the plaintiffs in the case at bar. In August of 2016, the court disposed of some of those claims and related defenses on cross-motions for summary judgment, and in March of 2017, the court conduced a lengthy jury trial on the remaining claims and defenses. No other court has as much familiarity with the issues and claims presented by this litigation. Moreover, this court can without much difficulty determine whether the release is valid and enforceable under Vermont or Delaware law, whichever is ultimately determined to apply.

MWG relies heavily upon Atlantic Marine Constr. Co. v. United States District Court, 134 S. Ct. 568, 582 (2013), which held that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause." However, Atlantic Marine involved the transfer of cases from one federal district court to another, which involves little more than a change in venue. The case simply does not apply to the state courts, which cannot transfer cases to courts in another state. In order to honor the forum selection clause in the release, this court would have to dismiss Prettyman from the case, which would force her to re-file her suit in Delaware, where she might have no remedy at all, if Delaware's three-year statute of limitations were held to apply to her claim.

For the foregoing reasons, the court will not enforce the forum selection clause in the release. Defendant's motion to dismiss the Complaint as to Plaintiff Kristin Prettyman is DENIED.

SO ORDERED this 5th day of March, 2018.

_____
Robert A. Mello, Superior Judge

4