NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 20

No. 22-AP-237

| | |
|---|---|
| Gary Margolis | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Daily Direct LLC | January Term, 2023 |

Samuel Hoar, Jr., J.

R. Bradford Fawley of Fawley PLLC, Stamford, Connecticut, for Plaintiff-Appellant.

Thomas P. Simon of McCormick, Fitzpatrick, Kasper & Burchard, P.C., Burlington, for
   Defendant-Appellee.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.     **EATON, J.**   In this contract dispute, plaintiff Gary Margolis appeals the trial court's grant of defendant Daily Direct LLC's motion to dismiss plaintiff's complaint. We affirm.

¶ 2.     The following facts are undisputed. On April 9, 2021, plaintiff, a resident of Vermont, entered into two contracts with defendant, whose principal place of business is in Milwaukee, Wisconsin. Under the contracts, defendant agreed to transport two motorcycles from Vermont to Las Vegas, Nevada, and then from Salt Lake City, Utah back to Vermont on scheduled dates in July 2021 in exchange for plaintiff's prepayment of $2322. The contracts each contained identical forum-selection clauses, which identified Milwaukee, Wisconsin as the exclusive forum

for any litigation under the contract.[1]  On May 12, defendant informed plaintiff that it had made a clerical error and would not fulfill its obligations under the contracts.  Defendant did not revoke its repudiation and did not perform under the contracts.  Plaintiff hired someone else to transport the motorcycles for the dates and locations described in the contracts with defendant for a total cost of $11,512.62.

¶ 3.      In June 2022, plaintiff sued defendant in Vermont for breach of contract, violation of the Vermont Consumer Protection Act, 9 V.S.A. §§ 2451-2483b, and unjust enrichment. Defendant moved to dismiss plaintiff's complaint pursuant to Vermont Rule of Civil Procedure 12(b)(3) for improper venue, arguing that the forum-selection clauses in the contracts were valid and therefore the complaint should be dismissed for plaintiff to refile in an appropriate court in Milwaukee.  Plaintiff countered that defendant anticipatorily repudiated the contracts thereby discharging plaintiff of his duty to comply with the forum-selection clauses.  The trial court granted defendant's motion to dismiss in a laconic written order.  The court did not specify the legal basis for the dismissal, concluding merely that dismissal was appropriate because "[p]laintiff, having sued on a contract, [could not] avoid the contract's forum[-]selection clause."  Plaintiff appealed.

¶ 4.      Before us, plaintiff argues that dismissal was improper because defendant's anticipatory repudiation of its contractual obligations discharged plaintiff of performing any of his contractual obligations, including compliance with the forum-selection clauses.  Defendant argues that a forum-selection clause survives anticipatory repudiation of a contract unless the repudiation is directed at the forum-selection clause itself.

---

[1]  The complaint did not include copies of the contracts or mention the forum-selection clauses; however, we may properly consider the contracts themselves, even though they were outside plaintiff's complaint, because "when the complaint relies upon a document . . . such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss."  Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10 n.4, 186 Vt. 605, 987 A.2d 258 (mem.).

¶ 5. We conclude that dismissal was appropriate for failure to state a claim under Vermont Rule of Civil Procedure 12(b)(6) and affirm on that basis. "We review the trial court's disposition of a motion to dismiss de novo, and may affirm on any appropriate ground." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575, 959 A.2d 990 (mem.). The forum-selection clause was operative and survived defendant's anticipatory breach for three main reasons. First, nullifying a forum-selection clause based on anticipatory repudiation, where repudiation is not directed at the forum-selection clause itself, would negate the purpose of the clause. Second, this conclusion supports the parties' freedom to contract. Third, this result is supported by the majority of courts that have considered the issue.

¶ 6. As an initial matter, it is necessary that we clarify the basis for dismissal. Below, the parties first presented this as a question of venue under Rule 12(b)(3) and thereafter ignored the bases for dismissal set forth in the Vermont Rules of Civil Procedure, solely focusing on arguments pertaining to the construction of the contracts. On appeal, plaintiff for the first time cites the standard of review for a Rule 12(b)(6) motion for failure to state a claim and defendant cites no standard of review. Venue and forum selection are separate legal questions. The proper mechanism to challenge the legal effect of a forum-selection clause is through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a challenge to venue under Rule 12(b)(3). See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 55 (2013) (concluding that Federal Rule of Civil Procedure 12(b)(3) was not proper mechanism to enforce forum-selection clause because "improper" venue solely asks whether court in which case is brought satisfies federal venue laws).[2] Whether anticipatory repudiation discharges the nonbreaching

---

[2] We note the U.S. Supreme Court in Atlantic Marine concluded that the doctrine of forum non conveniens was the appropriate mechanism for dismissal and declined to address whether use of Federal Rule 12(b)(6) would also be appropriate. 571 U.S. at 61. There, the defendant moved to transfer the case to another federal district court under 28 U.S.C. § 1404(a), a codification of the doctrine of forum non conveniens, and the party opposing removal argued that the forum-selection clause was unreasonable and should not be enforced. We are not presented with the issue

3

party's duty to comply with the forum-selection clause is a legal question that we review without deference to the trial court. See Downtown Barre Dev. v. C & S Wholesale Grocers, Inc., 2004 VT 47, ¶ 8, 177 Vt. 70, 857 A.2d 263 (stating that we review construction of agreements de novo).

¶ 7.    Plaintiff's argument is narrow and accordingly so is the scope of the issue presented to this Court. In Vermont, "forum[-]selection 'clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.' " Int'l Collection Servs., Inc. v. Gibbs, 147 Vt. 105, 107, 510 A.2d 1325, 1327 (1986) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). Plaintiff has not alleged that enforcement of the forum-selection clauses in this case would be unreasonable and therefore this argument is waived and need not be addressed.[3] See Daiello v. Town of Vernon, 2022 VT 32, ¶ 19 n.5, __ Vt. __, 282 A.3d 894 (declining to address issue neither raised in proceedings below nor on appeal). We are exclusively presented with the narrow question of whether anticipatory repudiation of a contract discharges the nonbreaching party's duty to comply with the contract's forum-selection clause.

¶ 8.    "A repudiation before the time for performance constitutes an anticipatory breach of the agreement." Lowe v. Beaty, 145 Vt. 215, 218, 485 A.2d 1255, 1257 (1984). Generally,

---

of whether the forum-selection clause is unreasonable and should not be enforced. Nor are we presented with the doctrine of forum non conveniens as a basis for dismissal. This case is about the construction of a clause in a contract. Accordingly, we do not address the procedure or legal standards for forum-non-conveniens and unreasonableness challenges. But see Chase Com. Corp. v. Barton, 153 Vt. 457, 459-60, 751 A.2d 682, 684-85 (1990) (affirming denial of motion to dismiss for failure to state claim based on unreasonable forum-selection clause without discussing reasoning for doing so).

[3] The concurrence comments on the merits of this argument; however, we decline to do so because, as the concurrence agrees, this argument was neither preserved below nor raised on appeal and accordingly does not warrant reversal. See In re White, 172 Vt. 335, 343, 779 A.2d 1264, 1270-71 (2001) ("We have repeatedly stressed that we will not address arguments not properly preserved for appeal . . . to ensure that the original forum is given an opportunity to rule on an issue prior to our review."); State v. Taylor, 145 Vt. 437, 439, 491 A.2d 1034, 1035 (1985) (explaining that this Court will not raise issues sua sponte on appeal).

"[w]hen one party repudiates a contract, the other party is discharged from her duties under the contract and may bring an action for breach." Record v. Kempe, 2007 VT 39, ¶ 15, 182 Vt. 17, 928 A.2d 1199; see also Restatement (Second) of Contracts § 253(2) (1981). "[P]ositive and unequivocal refusal to perform . . . excuses the other party from tendering performance on his part because the law does not require the doing of a useless act or the doing of that which would only be a vain or idle ceremony." Carvage v. Stowell, 115 Vt. 187, 192, 55 A.2d 188, 192 (1947). However, we conclude that a forum-selection clause survives repudiation of a contract unless the repudiation is directed at the forum-selection clause itself, which is not the case here. We reach this decision based on the purpose of forum-selection clauses, our respect for freedom of contract, and the persuasive precedent available on this topic.

¶ 9. Because forum-selection clauses are designed to govern the resolution of disputes, they, unlike other contractual duties, survive repudiation absent some other reason for unenforceability. A forum-selection clause is "[a] contractual provision in which the parties establish the place . . . for specified litigation between them." Forum-Selection Clause, Black's Law Dictionary (11th ed. 2019). They are bargained for in anticipation of a dispute rather than anticipation of cooperation. As such, they are only triggered as an obligation in the event of litigation, likening them to a "condition precedent to suit under the contract, binding equally on both parties." Marra v. Papandreou, 216 F.3d 1119, 1125 (D.C. Cir. 2000). Because they are distinct from other contractual obligations in this way, the policy underlying the general rule that one party's repudiation discharges the nonrepudiating party's remaining obligations under the contract does not apply. The purpose of the general rule is to prevent a nonbreaching party from having to perform uselessly under a contract before seeking enforcement. See Carvage, 115 Vt. at 192, 55 A.2d at 192 (explaining that duty to tender performance is excused "because the law does not require the doing of a useless act or the doing of that which would be only a vain and idle ceremony"). The obligation to comply with a forum-selection clause is not rendered "idle

5

ceremony" following repudiation; the very purpose and operation of the clause is invoked by repudiation. Therefore, although defendant's denial of its contractual obligations to plaintiff relieves plaintiff of his duty to pay for the services never rendered, it does not excuse him from complying with the forum-selection clauses.

¶ 10. This rule also conforms with our traditions respecting freedom of contract. See Osgood v. Cent. Vt. Ry., 77 Vt. 334, 344, 60 A. 137, 140 (1905) ("[T]he right of private contract is no small part of the liberty of the citizen . . . ." (quotation omitted)). "It is axiomatic that parties can define their contractual relationship by the provisions employed in their contract," including "dispute resolution procedure to be followed in case of breach." McGee Constr. Co. v. Neshobe Dev., Inc., 156 Vt. 550, 554-55, 594 A.2d 415, 417-18 (1991). "[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring); see also M/S Bremen, 407 U.S. at 12 (likening enforcement of forum-selection clause to giving "effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement"); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (explaining that even form contracts containing forum-selection clauses serve both parties' interests). Although a plaintiff is ordinarily allowed to select their preferred forum, so long as jurisdiction and venue are proper, "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." Atl. Marine, 571 U.S. at 63. If we were to adopt a rule that anticipatory repudiation discharges the parties' obligations to comply with a forum-selection clause, we would, in effect, "significantly diminish" the value of forum-selection clauses freely entered by the parties in anticipation of a dispute. See Marra, 216 F.3d at 1125.

6

¶ 11. Lastly, our conclusion fits within the minimal case law available from other jurisdictions, which conclude that a plaintiff's duty to comply with a forum-selection clause is not discharged by a defendant's material breach of the contract where, as here, the breach is not directed at the forum-selection clause itself. See, e.g., id. at 1125; Weber v. PACT XXP Techs., AG, 811 F.3d 758, 773-74 (5th Cir. 2016); Dan Lepore & Sons Co. v. Torcon, Inc., No. 20-06230, 2021 WL 1122178, at *3 (E.D. Pa. Mar. 24, 2021); Harrison v. Iomnis Surveillance Sols., LLC, No. 17-cv-01764-KLM, 2018 WL 3363736, at *2 (D. Colo. July 9, 2018) (citing Marra, 216 F.3d at 1119, 1125); Mendez v. Trs. of Bos. Univ., 285 N.E.2d 446, 448 (Mass. 1972).[4] Plaintiff has failed to provide this Court with any cases where anticipatory repudiation of a contract relieves the nonbreaching party from any obligation to comply with the forum-selection clause absent some infirmity with or repudiation of the forum-selection clause itself.

Affirmed.

FOR THE COURT:

_____

Associate Justice

¶ 12. **COHEN, J., concurring.** I agree with the majority on the preservation issue, ante, ¶ 7, but I am troubled by the trial court's one-line order dismissing the case without any review of the fundamental fairness of the forum-selection clause.

¶ 13. Vermont law is clear: although they are "prima facie enforceable," forum-selection clauses are not absolute. Chase Com. Corp. v. Barton, 153 Vt. 457, 459, 571 A.2d 682, 684 (1990). "Enforcement of a forum selection clause is not automatic, and courts may disregard such clauses

_____

[4] Although some of the cases cited here reached this conclusion by determining that a forum-selection clause is a "separate contract," we need not reach this issue in this case under our reasoning. To the extent plaintiff argues that enforcement of a "separate contract" without independent consideration would be "per se unreasonable," we need not reach it based on our conclusion here.

if enforcement would be unreasonable." Id. (citing Int'l Collection Serv. v. Gibbs, 147 Vt. 105, 107, 510 A.2d 1325, 1327 (1986)). Under this precedent, I view Vermont courts as needing to engage in some level of assessment of fundamental and procedural fairness when requiring Vermonters to litigate claims in a location at a significant expense and inconvenience to them. This is especially true when such distance may make it more difficult to call witnesses or gather and present physical evidence.

¶ 14. This type of analysis did not occur below. Although the majority is correct that the parties did not raise the question of the fairness of enforcement, it should be noted that courts in Vermont must apply appropriate equitable principles when mandated. See Chase, 153 Vt. at 459; Gibbs, 147 Vt. at 107.

Associate Justice