VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-135



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

Zygmunt Dever\* v. Amalia Lee

}   APPEALED FROM:
}   Superior Court, Windham Unit,
}   Civil Division
}   CASE NO. 24-CV-03531
    Trial Judge: Rachel M. Malone

In the above-entitled cause, the Clerk will enter:

Plaintiff Zygmunt Dever, self-represented, appeals from a civil division order dismissing his complaint.  We affirm.

In his September 2024 complaint, plaintiff raised breach-of-contract and defamation claims against defendant Amalia Lee based on the following factual allegations.[1]

Plaintiff is a builder who offers design, construction, renovation, and restoration services.  In early August 2024, defendant contacted plaintiff to request his assistance with several home-repair projects.  Defendant gave plaintiff a tour of her home, and the parties discussed the work she hoped to have done in order to prepare it for sale.  Plaintiff then drafted a contract providing that he would complete fifteen specified tasks in exchange for $2400 in labor costs, with $800 of this amount to be paid upon the commencement of work.  On August 15, both parties signed the contract, and defendant paid plaintiff $800.

Plaintiff chose to begin with a task described in the contract as follows: "Remove and replace decking on rear of home.  Adjust existing wood frame to slope deck away from house."  Upon removing the deck boards, however, plaintiff concluded that defendant's deck lacked an appropriate foundation and adequate drainage.  As a result, he proposed adding a sixteenth task to the parties' contract: in exchange for additional labor costs, he would construct footings and a foundation for the deck and modify the site drainage by installing a foundation drain.

---

[1]   Plaintiff described his second cause of action as one for "libel, slander, and defamation."  We refer to it as a defamation claim because "[d]efamation is comprised of the complementary torts of libel and slander" and "a private action for defamation" consists of the same "general elements" whether predicated on theories of libel, slander, or both.  Lent v. Huntoon, 143 Vt. 539, 545-47 (1983).

Defendant rejected plaintiff's proposal. She wanted plaintiff to proceed with the work as laid out in the August 15 contract. Plaintiff would not do so, believing that his proposal was "best" for both defendant and any future owners and occupants of her home. The parties exchanged emails in which defendant told plaintiff that his "vehement" insistence on the additional work caused her to fear physical harm and "threatened [plaintiff] with character assassination." On August 26, defendant told plaintiff she no longer wanted his services.

Defendant moved to dismiss plaintiff's complaint under Vermont Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to allege facts sufficient to support a claim for either breach of contract or defamation. The trial court granted the motion.[2] It concluded that the complaint failed to state a breach-of-contract claim because plaintiff alleged he was unwilling to perform his obligations under the parties' existing agreement, thus repudiating the contract and excusing defendant from any duty to satisfy her own commitments thereunder. The court further held that plaintiff failed to state a claim for defamation because he had not alleged that defendant made any false or defamatory statement about him to a third person, only that other individuals had told defendant about plaintiff. This appeal followed.

A Rule 12(b)(6) motion "serves to identify an insufficient cause of action . . . where essential elements are not alleged." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 14, 184 Vt. 1. We review a trial court's grant of such a motion without deference, using the same standard applied below. Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. Dismissal is proper "when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint[,] that would entitle the plaintiff to relief." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.). In conducting this analysis, "[w]e assume that all factual allegations pleaded in the complaint are true," and afford plaintiff the benefit of any "reasonable inferences."[3] Dernier v. Mortg. Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113 (quotation omitted). We are not, however, "required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." Vitale v. Bellows Falls Union High Sch., 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted).

Plaintiff's arguments on appeal rest on factual assertions that are included in his brief but do not appear to be part of the record. We cannot consider these contentions because our review is confined to the record below and, "[o]n appeal, we cannot consider facts not in the record." Hoover v. Hoover, 171 Vt. 256, 258 (2000). In any event, on appeal of a Rule 12(b)(6) decision, "our aim is to determine whether the bare allegations of the complaint are sufficient to state a claim." Vitale, 2023 VT 15, ¶ 28 (quotation omitted). Thus, to prevail on appeal, plaintiff must demonstrate that the trial court erred in concluding that the factual allegations in his complaint

---

[2] While the motion was pending, plaintiff sought leave to amend his complaint. In ruling on defendant's motion, the trial court considered both the allegations in the original complaint and plaintiff's proposed amended complaint. It then denied plaintiff's motion to amend, reasoning that amendment would be futile because the proposed pleading had the same deficiencies as the original complaint. On appeal, plaintiff does not challenge the denial of his motion to amend.

[3] Where a complaint relies on a document, that document merges into the pleadings and may be considered in connection with a Rule 12(b)(6) motion. Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 (mem.). Here, plaintiff's complaint directly referenced numerous exhibits. However, the exhibits were not filed with the trial court and, as a result, could not be considered in ruling on the motion.

2

were insufficient to sustain his breach-of-contract and defamation claims. He has not made this showing.

As to the breach-of-contract claim, the trial court correctly recognized that one party's repudiation of a contract before the time for performance generally discharges the nonrepudiating party from his or her own obligations thereunder. Margolis v. Daily Direct LLC, 2023 VT 20, ¶ 8, 218 Vt. 31. "A party repudiates a contract when that party explicitly or implicitly represents that he cannot or will not perform his obligations under the contract." Record v. Kempe, 2007 VT 39, ¶ 15, 182 Vt. 17 (defining repudiation in accordance with Restatement (Second) of Contracts § 250). "[L]anguage that under a fair reading amounts to a statement of intention not to perform except on conditions which go beyond the contract constitutes a repudiation." Restatement (Second) of Contracts § 250 cmt. b (1981) (quotation omitted). Here, the complaint alleges that plaintiff refused to perform his obligations under the parties' contract unless defendant agreed to his proposed modification. Plaintiff does not explain how the trial court erred in concluding that he thus repudiated the parties' contract, discharging defendant from her obligations thereunder and foreclosing any breach-of-contract claim against her.

This leaves plaintiff's defamation claim. To sustain such a claim, a plaintiff must allege: "(1) a false and defamatory statement concerning [the plaintiff]; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm [to the plaintiff]." Skaskiw v. Vt. Agency of Agric., 2014 VT 133, ¶ 8, 198 Vt. 187 (quotation omitted). Plaintiff does not explain how the trial court erred in concluding that his complaint failed to allege that defendant published a false and defamatory statement concerning him "to at least one third person." Id.

We have considered all arguments discernable in plaintiff's brief and conclude that they are without merit. Plaintiff has not identified grounds to disturb the order on appeal.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

3